

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00058-CR

_____

ERIC D. OLIVER, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1826522

_____

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Eric D. Oliver pleaded guilty to evading arrest or detention with a vehicle (with a deadly-weapon allegation regarding his vehicle usage) and unlawful possession of a firearm by a felon. *See* Tex. Penal Code §§ 38.04(b)(2)(A), 46.04(a), (e). His indictment included a habitual-offender allegation of two prior and sequential felony convictions, enhancing the offenses' third-degree-felony punishment range from 2–10 years' confinement to 25–99 years' confinement or life if found "true." *See id.* § 12.42(d). Oliver pleaded "not true" to the enhancement allegation, but the jury found it "true," found the deadly-weapon allegation "true," and assessed his sentences at 38 years' confinement for each count, which the trial court set to run concurrently.

The trial court set $290 in court costs and a $5 reimbursement fee to run concurrently with Oliver's sentence in the evading-arrest judgment. *See* Tex. Code Crim. Proc. arts. 42.15(a-1)(3), 43.091 (waiver of costs); *see also id.* art. 102.073(a) (stating that in a single criminal action in which the defendant is convicted of two or more offenses, the court may assess each court cost or fee only once against the defendant). Contrary to the evading-arrest judgment and the record's "Notification of Court Costs and Fines Due and Payable," however, the bill of costs shows that Oliver owes $5 in reimbursement.

Oliver's appellate counsel has filed a motion to withdraw as counsel and a supporting brief under *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), representing that after carefully examining the record, she has found "no error

or factor that can be raised as a legitimate point of error or support a reversible ground for appeal." These filings meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.*; *see also In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008) (orig. proceeding). Counsel has also complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Although he requested a copy of the appellate record—which the trial court provided—Oliver has not filed a pro se response.

After an appellant's court-appointed counsel fulfills the *Anders* requirements, this court must independently examine the record for any arguable ground that could be raised. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). After carefully reviewing the appellate record and counsel's brief,[1] we agree that—but for a correction to the bill of costs[2]—the appeal is wholly without merit; we have found nothing that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

---

[1]The State agrees that Oliver "has no meritorious grounds upon which to advance an appeal in this case."

[2]We caution appointed appellate counsel that review of the entire record for *Anders* purposes includes a rigorous review of the trial court's bill of costs to determine whether it contains any errors that require modification.

As set out above, the record reflects that in the evading-arrest judgment, the trial court set Oliver's court costs and $5 reimbursement fee to run with his sentence, but the bill of costs shows that he owes the $5 reimbursement fee. Accordingly, we modify the bill of costs to $0 to reflect the evading-arrest judgment. *See Hall v. State*, Nos. 02-25-00171-CR, 02-25-00172-CR, 2026 WL 1839086, at *2 (Tex. App.—Fort Worth June 25, 2026, no pet. h.) (mem. op.) (stating that we may modify the bill of costs "to delete improper charges").

We affirm the trial court's judgments and grant counsel's motion to withdraw.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 6, 2026